per curiam:
Before us is yet another suit resulting from the failure of the Franklin National Bank (the bank).[1] This one, brought by the trustee in bankruptcy of the Franklin New York Corporation, owner of all of the outstanding common stock (except directors’ qualifying shares) of the bank, seeks damages from the United States in excess of $330,000,000. Defendant argues that plaintiff has failed to state a claim within the jurisdiction of this court and moves *841 for the dismissal of plaintiffs petition or, in the alternative, for summary judgment. We agree with defendant and therefore grant its motion to dismiss.
The United States’ concern over the serious impact that this bank’s immediate collapse would have on the banking system as a whole as well as on the domestic and international financial markets prompted banking authorities to keep the bank open while attempts were made to negotiate with other financial institutions for the sale or merger of the bank’s assets. The Federal Reserve Bank of New York extended over $1.7 billion in emergency credit in order to keep the bank open during this critical period. An acceptable agreement was ultimately reached, and, on October 8, 1974, the Comptroller of the Currency declared the bank insolvent. On that same date, European-American Bank and Trust Company (EAB) assumed the bank’s deposits and certain other liabilities excluding the debt to the Federal Reserve Bank of New York. As a part of the complex arrangement, the Federal Deposit Insurance Corporation (FDIC) agreed to liquidate the bank’s assets which had not been sold to EAB and to assume the debt to the Federal Reserve Bank of New York. Plaintiff has already contested the validity of the parties’ agreement in another forum.[2]
In this action, plaintiff asserts that it is not challenging the authority of the Government to take control of the bank and arrange for the purchase and assumption transaction before the bank was declared insolvent. Instead, plaintiff claims that it contests the right of the Government to profit at the expense of the bank and its receivership estate by imposing the costs of its actions solely on the bank and the receivership estate. Specifically, plaintiff claims that the Government’s actions resulted in the following: (1) the extraction of interest from Franklin at a rate and in an *842 amount substantially in excess of the rate and amount that would have been payable to Franklin’s creditors had insolvency been declared at an earlier date; (2) a change in the priorities for payment of post-insolvency interest by creating claims which came ahead of the principal amounts of other unpaid creditors; (3) a substantial reduction in the total exposure of the Federal Deposit Insurance Corporation as insurer since the level of insured deposits decreased; and (4) a significant erosion of the bank’s assets.
Our jurisdiction under the Tucker Act extends to any claims against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.” 28 U.S.C. § 1491 (Supp. II 1978). Therefore, where money or property has allegedly been paid or taken, the claim must assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation. Where the claimant is not suing for money improperly exacted or retained, any claim for damages depends upon whether any federal statute "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.” Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967).
We are unable to find any statute which would mandate payment in the present instance. Plaintiff argues that the United States breached a fiduciary duty owed to the bank. As with the other claims made by plaintiff, despite our careful examination of the voluminous submissions and all of the cited authority, the fact remains that the trust alleged by plaintiff to have been breached by defendant does not exist. United States v. Mitchell, 445 U.S. 535 (1980). Nor are we persuaded with plaintiffs argument that a taking of its assets has occurred. The case is decided without hearing oral argument.
it is therefore ordered that defendant’s motion to dismiss the petition is granted. Plaintiffs petition is dismissed.

 Among, for example, Corbin v. Federal Reserve Bank of New York, 475 F. Supp. 1060 (S.D. N.Y. 1979), aff'd, 629 F.2d 233 (2d Cir. 1980), cert. denied, 450 U.S. 970 (1981); In re Franklin Nat'l Bank Sec. Litigation, 478 F. Supp. 210 (E.D. N.Y. 1979); Huntington Towers, Ltd, v. Franklin Nat’l Bank, 559 F.2d 863 (2d Cir. 1977), cert. denied, 434 U.S. 1012 (1978).

 In upholding the agreement, the court stated:
"It appears by the preponderance of the credible evidence and the circumstances and the reasonable inferences to be drawn therefrom that the interest rate arrangements which have been questioned were part of a global negotiation of a series of interdependent and complex matters that were negotiated at arm’s length, were agreed to in the exercise of sound judgment by the Receiver and FDIC (corporate), were fair to the receivership estate and were not a breach of fiduciary duty and that FRB-NY [Federal Reserve Bank of New York] did not act unfairly or overreach the Receiver. * * *” Corbin v. Federal Reserve Bank of New York, supra note 1,475 F. Supp. at 1062.